UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:26-cr-102-REW-HAI |
| v. | ) | |
| | ) | ORDER |
| AMANDA GASS, | ) | |
| | | |
| Defendant. | | |

*** *** *** ***

After conducting Rule 11 proceedings, see DE 19 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Amanda Gass's guilty plea and adjudge her guilty of Count One of the Indictment (DE 1). *See* DE 20 (Recommendation); *see also* DE 21 (Plea Agreement). Judge Ingram expressly informed Gass of her right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 20 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in h[er] objections to the magistrate [judge]'s report and recommendation . . . [s]he has forfeited h[er] right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any

objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 20, **ACCEPTS** Gass's guilty plea, and **ADJUDGES** Gass guilty of Count One of the Indictment.
2. The Court will issue a separate sentencing order.[1]

This the 20th day of October, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**

[1] Gass was remanded to custody post-plea, which preserved her status following arraignment. *See* DE 12; DE 19. As such, Gass will remain in custody pending sentencing, subject to intervening orders.